LYDIA S. GRIMES *vs.* ISAAC KIMBALL.

If a mortgage of real estate has not been discharged, but the mortgagor has obtained possession of the same with the note which it was given to secure by fraudulently inducing the mortgagee to accept in payment of the note other securities which are worthless, the latter may maintain an action to foreclose the mortgage against one who has purchased a title to the premises of the mortgagor in ignorance of the transaction between him and the mortgagee; although such purchaser has paid money to discharge a new mortgage upon the premises executed by the mortgagor to one who took the same relying in good faith upon the fraudulent payment to the original mortgagee.

WRIT OF ENTRY to foreclose a mortgage of real estate. At the second trial in the superior court, before *Lord*, J., after

the decision reported in 3 Allen, 518, it appeared that the plain-
tiff, as executrix of David W. Grimes, held a mortgage of the
demanded premises to secure a note for $1000 from Emerson
Gardner, who, in November 1855, obtained possession of them
by giving to her a new note and mortgage. It was in contro-
versy whether this surrender was procured through the fraud of
Gardner, and whether or not the mortgage had a discharge
written upon it; but it appeared that his object was to enable
himself to convey the premises free from incumbrances; that
the plaintiff understood this to be his purpose; that she surren-
dered to him the note and mortgage to enable him to make
such conveyance; and that he procured a loan from a loan and
fund association, secured by a mortgage of the premises, upon
producing to them the original note and mortgage. No further
facts were reported in the bill of exceptions.

The judge ruled that " if Gardner gave the new note and
mortgage, and took the old note and mortgage, for the purpose
of being able to convey the estate free from all incumbrances,
and the plaintiff, with full knowledge that such was his purpose,
and intending to enable him to do so, gave up the old note and
mortgage and took the new ones instead, and if the loan and
fund association in good faith, upon the production by Gardner
of said note and mortgage, and without knowledge of any
fraud, lent money upon the estate, taking a mortgage, and then
said Gardner sold the estate, and the defendant in good faith
and without notice purchased the estate, and paid the mortgage
to the association and the balance to Gardner, the title of the
defendant would be good against the said Grimes's mortgage,
although the consent of the plaintiff to the arrangement be-
tween her and Gardner, and the surrender of the note and
mortgage by the plaintiff, and the taking of the new note and
mortgage, were obtained and brought about by the fraudulent
misrepresentations of Gardner, even if there was no written
discharge upon the mortgage, and the mortgage was undis-
charged on the record, and although the new note and mortgage
were given to the plaintiff in her own right in matter of form,
while the previous note and mortgage were given to her tes-
tator."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*D. S. Richardson,* for the plaintiff, cited *Grimes* v. *Kimball,* 3 Allen, 518; *Ryerss* v. *Farwell,* 9 Barb. 618; *Taylor* v. *Ely,* 25 Conn. 250; *Copeland* v. *Copeland,* 28 Maine, 525.

*T. H. Sweetser & A. P. Bonney,* for the defendant, cited *Eaton* v. *Whiting,* 3 Pick. 488; *Somes* v. *Brewer,* 2 Pick. 184; *Rowley* v. *Bigelow,* 12 Pick. 312; *Holman* v. *Bailey,* 3 Met. 55; *Hoffman* v. *Noble,* 6 Met. 68; *White* v. *Garden,* 10 C. B. 919.

MERRICK, J. The ruling of the presiding judge cannot be sustained. It has already been adjudged, upon a former hearing in this case, that, assuming it to be true that the parties intended that the note given by Gardner to the plaintiff should be accepted and operate as a payment and satisfaction of the note previously given by him to her testator, David W. Grimes, and that in pursuance of such intention and purpose she surrendered and gave up to him the last mentioned note, and also the mortgage deed which she held as collateral security, she would have a right to avoid the contract by showing that she had been nduced to enter into it by his false and fraudulent representations; and that upon proving such fraud, and her consequent rescission of the contract, she would be entitled to recover possession of the mortgaged premises as a means of enforcing the payment of the debt intended to be secured by it, if the deed had been duly recorded and the mortgage had never been released or discharged. And it was also further adjudged that if the defendant had no information or knowledge of or concerning the transactions between Gardner and the plaintiff, or that she had ever delivered or given up to him the said first mentioned note and mortgage, his right in reference to his title to the premises acquired by purchase of the estate of Gardner would be affected by the constructive notice to him resulting from the record of the apparently undischarged mortgage deed from Gardner to Grimes. *Grimes* v. *Kimball,* 3 Allen, 518. These determinations, which, upon reëxamination, appear to us to have been perfectly correct, very clearly indicated the established

rule of law which should have been applied by the presiding judge to the facts stated in his ruling, and assumed by him as a basis upon which to predicate his instructions to the jury. Upon the facts and circumstances so stated, the title of the defendant to the demanded premises was not good against the claim of the plaintiff under said deed to her testator. After his decease, upon the probate of his will and her acceptance of the office and trust of executrix under it, the mortgaged premises and the debt thereby secured became personal assets in her hands, to be administered and accounted for as a part of his estate. Gen. Sts. *c.* 96, § 9. Rev. Sts. *c.* 65, § 11. If she never released or discharged the mortgage, the legal title to the premises conveyed by the deed remained in her; and when she rescinded the contract which she had entered into with Gardner, under the influence of his fraudulent representations, she was entitled to insist upon having possession of the mortgaged estate for the purpose of obtaining payment of the note which was still due from him.

The conveyances by Gardner to the loan and fund association in mortgage, and to the defendant in fee, were made under very different circumstances. In the former case the note and mortgage which he had given to Grimes, and which he had induced the plaintiff to deliver and give up to him that he might make a conveyance of the mortgaged premises free and clear of all incumbrances, were exhibited to them by Gardner to satisfy them that the estate was in fact unincumbered, before they consented to make him a loan, or to advance to him money upon the proposed security. Perhaps upon the general and equitable principle that when one of two equally innocent persons must suffer by the fraudulent acts or misconduct of a third party, the loss resulting therefrom should be borne by him who, by misplacing confidence in the wrongdoer, has enabled him to commit the injury, rather than upon a stranger who has conducted fairly and in good faith in the ordinary course of business, the plaintiff, having put the note and mortgage into the hands of Gardner to enable him to make a conveyance of the mortgaged premises free from incumbrance, might be estopped

Grimes *v.* Kimball.

from setting up or asserting her title against the loan and fund association. But the circumstances attending the sale of the premises to the defendant will not justify, nor do they afford any occasion for, the application of this principle. No exhibition of the former note and mortgage was made to him to induce him to become a purchaser, or to satisfy his mind that he could acquire by a deed from Gardner an unincumbered title. He knew nothing of the contract between Gardner and the plaintiff, or of any act or transaction which had occurred in pursuance of it, and therefore he could not have been misled or influenced by the delivery and surrender of the former note and mortgage by her to him. He appears to have relied wholly upon the representations of Gardner, whatever they were, and to have made no further inquiry in relation to the state of the title to the land which he purchased. He took no assignment from the loan and fund association, but, applying part of the purchase money to the payment and satisfaction of their debt and mortgage, paid the residue of it directly to Gardner, and took a deed of the premises from him. But the note to Grimes had never been paid, the mortgage given to secure it was in fact undischarged, and the record gave constructive notice to the defendant that it was still in force as an existing incumbrance. Against him, therefore, the plaintiff has a right to insist upon her legal title. Upon the state of facts embodied in the ruling of the presiding judge, he should have instructed the jury to this effect. The ruling having been otherwise, the exceptions of the plaintiff must be sustained.